# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:04cv47

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| Vs. ) ) | ORDER |
| WILLIAM NOBLES; and EDWINA NOBLES, ) ) ) ) | |
| Defendants. ) ) | |

**THIS MATTER** is before the court on a telephone contact from the pro se defendant William Nobles. On December 19, 2005, Mr. Nobles called chambers to inform the court that his new address had not been reflected in the court record. His new address is

> 3031 Bryan Rd.
> Kodak, Tennessee 37764
> (865) 850-3902

This is the same address which Mr. Nobles provided at the Initial Pretrial Conference. Mr. Nobles further expressed that he remains interested in this litigation.

Review of the Certificate of Service attached to the Motion for Summary Judgment reveals that such motion was not sent to Mr. Nobles at the address he provided at the IPC, and that it is highly probable that none of the documents issued in this case were sent to Mr. Nobles correct address since the IPC. To that end, the undersigned will direct the Clerk of court to send Mr. Nobles copies of all filing in this matter on and after June 20, 2005, by certified mail to the above address. Inasmuch as his co-defendant seeks a judgment in her favor that would not be in favor of Mr. Nobles, Mr. Nobles will be allowed up to and inclusive of January 13, 2006, to file his response.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Mr. Nobles, who is proceeding *pro se*, is cautioned that he carries a heavy burden in responding to a motion for summary judgment. Rule 56(e), Federal Rules of Civil Procedure, provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

This language means that if Mr. Nobles has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this court in a form which would otherwise be admissible at trial, i.e., in the form of affidavits or unsworn declarations. An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented by plaintiff to this court not later than January 13, 2006, and must be filed in duplicate. As stated by Rule 56(e), Mr. Noble's failure to respond may result in the action being dismissed by way of summary judgment.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the record reflect Mr. Nobles correct address as above set forth;

(2) the Clerk of this court send to Mr. Nobles copies of all filings since June 20, 2005, along with a copy of this Order; and

(3) Mr. Nobles file his response to his co-defendant's Motion for Summary Judgment not later than January 13, 2006.

**Signed: December 19, 2005**

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge